**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff/Movant,**

**vs.** **Civ. No. 05-1103 JC/LCS**

**ARTURO FIGUEROA-BANUELLOS,**

**Defendant/Movant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Movant Figueroa-Banuellos's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed October 17, 2005. (Doc. 1.) Movant attacks the Sentence entered on January 21, 2004 in the case styled *United States v. Arturo Figueroa-Banuellos,* CR 03-1662 JC, United States District Court for the District of New Mexico (Docs. 34, 42/03CR1662.) The United States Magistrate Judge, having reviewed the Petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Movant's Petition be **DENIED**.

**I. PROCEDURAL HISTORY**

1. On August 26, 2003, a federal grand jury returned a two-count indictment against Movant. Count I charged Figueroa, an alien, with being found in New Mexico in violation of 8 U.S.C. §§ 1326(a)(1)-(2) and (b)(2); count II charged him with illegally possessing a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). (Doc. 10/03CR1662.)

2. On October 31, 2003, Figueroa pled guilty to the indictment pursuant to a plea agreement with the government. (Docs. 19, 21, 33/03CR1662.) In his Plea Agreement, Movant stated that he understood his rights as a criminal defendant, and agreed to waive those rights. (Doc. 21/03CR1662 at 1-2; Doc. 33/03CR1662 at 2.) He also signed a statement that his plea was "freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement." (Doc. 21 at 7/03CR1662; Doc. 33/03CR1662 at 7.) Under careful and thorough questioning by the Honorable Robert Hayes Scott, Figueroa stated that he had discussed the charges with his attorney, was satisfied with his attorney, that the facts of the case as presented by the Government were true and correct, and that he did not wish to challenge or modify any facts as presented by the Government. (Tr. of Plea Hr'g at 3-4, 9.)

3. On January 21, 2004, Movant appeared before the Honorable John E. Conway, Senior United States District Judge, for sentencing. (Doc. 30/03CR1662). The Court sentenced Movant to 84 months in the custody of the Bureau of Prisons.[1] (Docs. 30, 34/03CR1662.) The sentence was imposed based on an offense level of 25, a criminal history category of IV, and a sentencing range of 84-105 months. (Doc. 30/03CR1662.)

4. Figueroa moved this Court to amend his sentence pursuant to 18 U.S.C. § 3582(c)(2) on October 14, 2004. (Doc. 43/03CR1662.) Judge Conway denied the Motion. (Doc. 45/03CR1662.) Figueroa filed a timely notice of appeal to the Tenth Circuit on January 30, 2004. (Doc. 35/03CR1662.) The Tenth Circuit affirmed Judge Conway's Order in a memorandum opinion issued on September 23, 2005. (Doc. 53/03CR1662.)

---

[1]At the sentencing hearing, Judge Conway denied Figueroa's motion for a downward departure. (*See* Doc. 30/03CR1662.) That motion is under seal.

5. Figueroa filed the present Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 with this Court on October 17, 2005. (Doc. 1.) The United States filed its Response to Movant's Motion on December 16, 2005 (Doc. 7) Movant has not filed a Reply.

**II. ANALYSIS**

Movant raises the following issues in his Petition:

I. The sentencing judge violated Movant's rights under *Apprendi* by finding that a previous conviction was "violent" without submitting the issue to a jury.

II. Counsel was ineffective for failing to provide Movant with an opportunity to contact the Mexican consul.

III. Counsel was ineffective for failing to raise the issue of an amendment to the United States Sentencing Guidelines ("USSG").

6. After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ." When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing. 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (citation omitted).

**A. The Sentencing Judge Did Not Violate Figueroa's Rights Under *Apprendi*.**

7. Movant's *Apprendi* claim fails for several reasons. First, Movant is procedurally

barred from raising this issue because he did not raise it on direct appeal. A defendant may not bring a § 2255 motion "to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). Failing "to present an issue on direct appeal bars [the defendant] from raising the issue in his § 2255 motion . . . ." *Warner*, 23 F.3d at 291 (citing *Cook*, 997 F.2d at 1320). Mr. Figueroa pled guilty and did not raise this claim on direct appeal, so it is subject to this procedural bar. The only way Movant can bypass this rule is to "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains[,]" or that he is actually innocent of his crimes. *Id.* (citing *Cook*, 997 F.2d at 1320); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Mr. Figueroa is not claiming actual innocence, so his procedural default will not be excused on that ground.

8. Nor does Movant allege any facts to show cause for not raising this issue on appeal. Even if there were good cause, Mr. Figueroa cannot show prejudice because his claim would fail on the merits. The Tenth Circuit has held that "the government is not required to charge in an indictment or prove to a jury either: 1) the existence of prior convictions; or 2) their classification as 'violent felonies.'" *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005) (citing *United States v. Moore*, 401 F.3d 1220, 1221, 1224-25, n.2). "[T]he characterization of prior convictions as crimes of violence . . . involves a question of law and not fact and therefore does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury." *Id.* (citing *Moore*, 401 F.3d at 1224-26, n.2).

9. In Mr. Figueroa's case, USSG § 2K2.1(a)(1) directed a base offense level of 26 because "the offense involved a firearm described in 26 U.S.C. § 5845(a) . . . and the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . ." Respondent has two prior felony convictions. The first is a controlled substance offense: a 1999 conviction for trafficking in New Mexico's First Judicial District Court – a second degree felony as his first state trafficking offense.[2] *See* N.M. STAT. § 30-31-20 (2004). The second is a 2003 federal conviction for possession with intent to distribute heroin and carrying a firearm during and in relation to a drug trafficking crime – both a controlled substance offense and a crime of violence as defined by USSG § 4B1.2(a). Carrying a firearm during and in relation to a drug trafficking crime is a "crime of violence" because it "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2). Even if it would not be construed as a crime of violence, the conviction for possession with intent to distribute heroin is a controlled substance offense, which also satisfies USSG § 2K2.1(a)(1). The presentence report contains the case numbers related to both of these convictions, adequate proof to establish the fact of these crimes. (Presentence Report at 6.)

10. Furthermore, Mr. Figueroa had adequate opportunity to dispute the fact of these convictions and their implications for his sentence. He did not. He agreed with the Government's recitation of the facts at his plea hearing, which included details of his federal conviction (Tr. of Plea Hr'g at 8-9); he filed no objections to the presentence report, which explicitly discussed the

[2] N.M. STAT. § 31-18-15(A)(5) provides that a second degree felony is punishable by nine years imprisonment.

recommended base offense level predicated on his prior convictions (*see* Addendum to the Presentence Report); he did not dispute any fact established by the presentence report at his sentencing hearing when Judge Conway asked if there was "anything in the presentence report you specifically wish to call to my attention[,]" nor when he later addressed the Court at length (Tr. of Sentencing Hr'g at 3, 5-7). Figueroa's "[f]ailure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact." *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994) (citation omitted).

11. If what Movant is attempting in his Petition is to couch his *Apprendi* claim as one for ineffective assistance of counsel, that too would fail. For the reasons discussed above, Movant would be unable to show prejudice. For the foregoing reasons, Mr. Figueroa's *Apprendi* claim should be denied.

**B. Movant Fails to Demonstrate Ineffective Assistance of Counsel.**

12. Claims of ineffective assistance of counsel "present mixed questions of law and fact . . . ." *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002) (citation omitted). To prove that his counsel's assistance was constitutionally ineffective, Mr. Figueroa has the burden of meeting the two prong test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process . . . .

*Id.* at 687.

13. To clear the first prong of *Strickland*, Movant must show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. "The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." *Id.* at 688. There is a strong presumption that the challenged actions of counsel come within this wide range; the actions must be viewed not from hindsight, but "from counsel's perspective at the time." *Id.* at 689.

14. Should Movant demonstrate that his counsel's performance was constitutionally ineffective, he must also clear the second prong of *Strickland* by showing that he suffered prejudice. *Id.* at 691-92. Any prejudice "must be made in view of the strength of the government's case." *United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (citation and quotation marks omitted). He must "demonstrate that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir. 1998) (citations and quotation marks omitted). A reasonable probability is one "sufficient to undermine confidence in the outcome" of the prior proceeding. *Strickland*, 466 U.S. at 694.

15. The Court need not address both prongs of the inquiry if Mr. Figueroa makes an insufficient showing on either deficient performance or prejudice. *Id.* at 697. Mr. Figueroa, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mere conclusory allegations without factual support are insufficient to meet this burden. *Id.*

**1. Movant Fails to Sustain His Burden under *Strickland* on His First Claim of Ineffective Assistance.**

16. Movant's attorney was not ineffective for not providing Movant with an opportunity to contact the Mexican consul. (*See* Doc. 2 at 5.) "[T]he Vienna Convention, to which the United States is a signatory, requires governments to inform a foreign national who has been arrested or detained that he has a right to contact his consulate." *United States v. Moreno*, 122 F. Supp. 2d 679, 682 (E.D. Va. 2000) (citing Vienna Convention, art. 36); *see also United States v. Alvarado-Torres*, 45 F. Supp. 2d 986 (S.D. Cal. 1999). Yet, as Respondent points out, "[i]t is incumbent on the government, not the defense counsel, to advise a defendant of his rights under the Vienna Convention." (Doc. 7 at 4 (citing Vienna Convention, art. 36(1)(b), 28 C.F.R. § 50.5, 8 C.F.R. § 236.1(e)).) For this reason, Movant cannot identify any act or omission by his own attorney that was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

17. Even if he could identify some relevant act or omission, he cannot prove any prejudice. "[A] defendant is not entitled to a remedy for a violation of the Vienna Convention unless the violation causes some cognizable prejudice." *Moreno*, 122 F. Supp. 2d at 683 (citation omitted). Mr. Figueroa does not argue that he was prejudiced, nor can he establish any. "[T]he Vienna Convention does not require that interviews, interrogations, or even trial proceedings cease or be postponed until consular officials are given access to foreign nationals." *Id.* It requires "only that consular officials are entitled to visit and to communicate with their detained nationals without delay . . . ." *Id.* (citation and quotation marks omitted). Assuming Mr. Figueroa had met with his consulate,

> the essence of any advice consular officials might have offered would have been to advise him of his rights under United States law – that is, his *Miranda* rights. Because defendant was provided proper notice of these rights and validly waived them, and because he has offered no evidence to establish how assistance from the consulate of [Mexico] would have affected his decision to waive his *Miranda* rights, the requisite showing of prejudice is absent.

*Id.* at 683-84 (citations omitted); *see also* Presentence Report at 3 (noting Mr. Figueroa was read his rights, indicated he understood them, and waived them). Because Mr. Figueroa has not satisfied the *Strickland* test, his first ineffective assistance of counsel claim should be denied.[3]

**2. Movant Fails to Satisfy the *Strickland* Test on His Second Claim of Ineffective Assistance.**

18. Movant's second claim of ineffective assistance has already been addressed by Judge Conway and the Tenth Circuit and should be denied. (*See* Docs. 45, 53.) Movant claims that he was denied the benefit of Amendment 632 to USSG § 2L1.2, but he is incorrect. (Doc. 2 at 8-9). As Judge Conway noted in response to Mr. Figueroa's 2004 Motion to modify his sentence upon this same ground, Amendment 632 was adopted on November 1, 2001 – more than two years before Mr. Figueroa was sentenced in this case. (Doc. 45/03CR1662 at 1.) 18 U.S.C. § 3582(c)(2) allows a defendant to move for a reduction of his sentence "if the Sentencing Commission *retroactively* lowers the applicable sentencing range . . . ." (*Id.* (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.10) (emphasis added).) Thus, Mr. Figueroa's claim

---

[3] Neither the Vienna Convention nor any other treaty mandates that consular notification is mandatory in cases involving Mexican nationals. *See* U.S. DEP'T OF STATE, OFFICE OF THE LEGAL ADVISER, CONSULAR NOTIFICATION AND ACCESS: INSTRUCTIONS FOR FEDERAL, STATE, AND LOCAL LAW ENFORCEMENT AND OTHER OFFICIALS REGARDING FOREIGN NATIONALS IN THE UNITED STATES AND THE RIGHTS OF CONSULAR OFFICIALS TO ASSIST THEM (1998).

"does not implicate the retroactivity provisions of § 3582(c)(2) . . . ." (*Id.* at 1-2.) Movant fails to show that his attorney acted outside the range of professional competence in not mentioning Amendment 632 to the sentencing judge, and he certainly fails to establish prejudice. Mr. Figueroa does not satisfy the *Strickland* test, and his second claim should also be denied.

## III. RECOMMENDATION

19. I recommend that Mr. Figueroa's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**